UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DAVID JIMENEZ,** *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **R&D MASONRY, INC.,** *et al.*, <br><br> Defendants. | Civil Action No. 15-1255 (JEB) |

## MEMORANDUM OPINON

This is a Fair Labor Standards Act case brought by three laborers who claim that their employers – stone and masonry companies – have failed to pay both overtime and full wages for the number of hours worked. Plaintiffs are David Jimenez, Jaime Garcia, and Luis Alberto Abarca, and Defendants are R&D Masonry, Inc. and Vedras Stone, Inc., as well as Diogo Manuel Francisco and Vera G. Francisco, the owners of both businesses. Arguing that nearly all of the events underlying Plaintiffs' claim arose in Maryland, Defendants now move to dismiss the Amended Complaint for improper venue or, in the alternative, to transfer the case to the District of Maryland. Although it appears that venue may be proper in the District of Columbia, the Court will grant Defendant's Motion to transfer in the interest of justice and for the convenience of all involved.

**I.    Background**

According to the facts presented in the Amended Complaint, which must at this stage be presumed true, Plaintiffs Jimenez, Garcia, and Abarca began working as masons for Defendants in February 2015, approximately 2011, and approximately 2010, respectively. See Am. Compl., ¶¶ 20-22. Jimenez worked on job sites in the District of Columbia for approximately 10% of his

1

time, Garcia for approximately 35%, and Abarca for approximately 60%. See id., ¶¶ 26-28. For nearly all of their remaining periods of employment by Defendants, Plaintiffs worked at job sites in Maryland. See id. Defendants aver that 90% of their operations occur in Maryland, with the remaining 10% occurring in the District of Columbia and Virginia combined. See Mot. Exh. A (Affidavit of Vera Francisco), ¶ 3. Defendant companies, moreover, are incorporated in Maryland, and their principal places of business are located there. See Am. Compl., ¶¶ 6-7; Mot. at 2.

      Plaintiffs allege that Defendants typically paid them with two checks per workweek; the first check, usually issued by R&D, covered the first forty hours of the workweek, and the second check, usually issued by Vedras, covered any hours worked beyond that number. See Am. Compl., ¶ 34. Although Plaintiffs usually worked more than forty hours per week for Defendants, both checks Plaintiffs received allegedly paid them at their base hourly rate. See id., ¶¶ 33, 35-36. By this method, Plaintiffs allege, Defendants avoided paying them required overtime wages. See id., ¶¶ 37-43.

      Plaintiffs also allege that Defendants did not pay them for all hours worked. See id., ¶ 44. Although Defendants required them to load machinery and materials into vehicles at the companies' central storage site before traveling to job sites, Plaintiffs did not receive payment for those hours worked, nor for time spent traveling to and from job sites or for unloading the vehicles at the storage site at the end of the work day. See id., ¶¶ 44-53.

      Plaintiffs filed suit on August 5, 2015, and their Amended Complaint sets forth five counts. Three assert failure to pay overtime wages: one count each under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., the Maryland Wage and Hour Law, Md. Code, Lab. & Empl. Art., § 3-401 et seq., and the District of Columbia Minimum Wage Act, D.C. Code § 32-

1001 *et seq.* Two counts allege failure to pay regular wages: one each under the Maryland Wage Payment and Collection Law, Md. Code, Lab. & Empl. Art., § 3-501 *et seq.*, and the District of Columbia Wage Payment and Collection Law, D.C. Code § 32-1301 *et seq.* Defendants now move to dismiss or, in the alternative, to transfer the case to Maryland, which Plaintiffs oppose.

## II.     Legal Standard

When a plaintiff brings suit in an improper venue, the district court "shall dismiss [the case], or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); see also Fed. R. Civ. P. 12(b)(3) (defendant may assert improper venue via motion). In considering a Rule 12(b)(3) motion to dismiss, the Court "accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor." Darby v. U.S. Dep't of Energy, 231 F. Supp. 2d 274, 276-77 (D.D.C. 2002). The Court need not, however, accept the plaintiff's legal conclusions as true, see id., and may consider material outside of the pleadings. Artis v. Greenspan, 223 F. Supp. 2d 149, 152 (D.D.C. 2002) (citing Land v. Dollar, 330 U.S. 731, 735 n.4 (1947)). "Because it is the plaintiff's obligation to institute the action in a permissible forum, the plaintiff usually bears the burden of establishing that venue is proper." Freeman v. Fallin, 254 F. Supp. 2d 52, 56 (D.D.C. 2003); see also 14D Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 3826 (3d ed. 2007) (noting that most federal courts place burden of establishing venue as proper on plaintiff when defendant has made proper objection). To prevail on a motion to dismiss for improper venue, however, "the defendant must present facts that will defeat the plaintiff's assertion of venue." Khalil v. L-3 Commc'ns Titan Grp., 656 F. Supp. 2d 134, 135 (D.D.C.

2009).  Unless there are "pertinent factual disputes to resolve, a challenge to venue presents a pure question of law."  Williams v. GEICO Corp., 792 F. Supp. 2d 58, 62 (D.D.C. 2011).

Even where a plaintiff has brought its case in a proper venue, a district court may, "for the convenience of parties and witnesses, in the interests of justice . . . transfer [it] . . . to any other district . . . where it might have been brought."  28 U.S.C. § 1404(a).  District courts have "discretion . . . to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'"  Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quoting Van Dusen v. Barrack, 376 U.S. 612, 622 (1964)).

### III.   Analysis

In their Motion, Defendants ask the Court to dismiss the case for improper venue or, in the alternative, to transfer it to a more convenient forum – namely, the District of Maryland.  Without engaging in a detailed analysis, the Court assumes that venue is proper in the District of Columbia.  Under 28 U.S.C. § 1391(b)(2), a civil case may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."  In other words, Plaintiffs are not required to bring suit in the district where the most substantial part of the events happened.  See, e.g., Modaressi v. Vedadi, 441 F. Supp. 2d 51, 57 (D.D.C. 2006) ("[E]ven if a substantial part of the events in this case took place in Maryland, that does not preclude plaintiff from filing suit in the District of Columbia if a substantial part of the events took place [there], as well."); see also City of New York v. Cyco.Net, Inc., 383 F. Supp. 2d 526, 543 (S.D.N.Y. 2005) ("Venue may be proper even if a greater part of the events giving rise to a claim happened in another forum.").  The Court will thus not dismiss the case under § 1406 for improper venue.

Even if venue is proper in the District of Columbia, however, the Court still analyzes whether transfer is warranted under § 1404 "for the convenience of parties and witnesses, [and] in the interests of justice." In order to warrant such a transfer, the movant must first show that the case could have been brought initially in the transferee district. See Treppel v. Reason, 793 F. Supp. 2d 429, 435 (D.D.C. 2011). Plaintiffs certainly could have brought suit initially in Maryland, given that all Defendants are residents of that state. See 28 U.S.C. § 1391(b)(1) (venue is proper in a judicial district where any defendant resides, if all defendants are residents of the same state).

In addition, Defendants must demonstrate that "considerations of convenience and the interest of justice weigh in favor of transfer . . . ." Sierra Club v. Flowers, 276 F. Supp. 2d 62, 65 (D.D.C. 2003). To make such a determination, courts examine a series of private- and public-interest factors. See Trout Unlimited v. U.S. Dep't of Agric., 944 F. Supp. 13, 16 (D.D.C. 1996). Private-interest factors include (1) the plaintiff's choice of forum; (2) the defendant's choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses; and (6) the ease of access to sources of proof. See id. Public-interest factors include (1) the transferee district's familiarity with the governing laws; (2) the relative congestion of the calendars of the transferor and transferee courts; and (3) the local interest in having local controversies decided at home. See id. The Court will look at both sets of factors, keeping in mind that Defendants bear the burden of demonstrating decisively that the balance of factors favors transfer. See Thayer/Patricof Educ. Funding, LLC v. Pryor Res., 196 F. Supp. 2d 21, 31 (D.D.C. 2002) (citing Gross v. Owen, 221 F.2d 94, 95 (D.C. Cir. 1955)).

### A. Private-Interest Factors

Although there are technically six private-interest factors, the Court combines them into three categories for ease of analysis.

#### 1. Parties' Choice of Forum

Courts generally defer to plaintiffs' choice of forum, see Thayer, 196 F. Supp. 2d at 31, although that deference is not always warranted "where the plaintiff's choice of forum has no meaningful ties to the controversy," and where transfer is sought "to [a] forum with which plaintiffs have substantial ties and where the subject matter of the lawsuit is connected . . . ." Trout Unlimited, 944 F. Supp. at 17 (citation and internal quotation marks omitted). Indeed, when "the forum preferred by the plaintiff is not his home forum," and the defendant prefers the plaintiff's home forum, then there is little reason to defer to the plaintiff's preference. See Reiffin v. Microsoft Corp., 104 F. Supp. 2d 48, 52 (D.D.C. 2000); accord Oudes v. Block, 516 F. Supp. 13, 14 (D.D.C. 1981) (finding "negligible or non-existent" inconvenience for plaintiff in transferring case to plaintiff's home forum).

This is so in the present case. Like the individual Defendants, Plaintiffs are Maryland residents, as are all potential witnesses. See Am. Compl., ¶¶ 5-13; Def. Reply at 5. Defendants' preferred forum is thus also Plaintiffs' home forum, which argues in favor of transfer. See 15 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 3849 (3d ed. 2007) (noting the "strong inclination" of courts to favor transfer "when all of the parties are residents of the proposed transferee district").

#### 2. Whether the Claim Arose Elsewhere

When evaluating a motion to transfer, the Court examines the nexus between the underlying events from which a plaintiff's claim arose and his choice of forum. Transfer is

favored when "the material events that form the factual predicate of a plaintiff's claim did not occur in his chosen forum . . . ." Douglas v. Chariots for Hire, 918 F. Supp. 2d 24, 32 (D.D.C. 2013) (citation omitted). For § 1404 transfer analysis, "[c]ourts in this district have held that claims 'arise' . . . in the location where the corporate decisions underlying those claims were made, . . . or where most of the significant events giving rise to the claim occurred . . . ." Treppel, 793 F. Supp. 2d at 436-37 (internal citation omitted).

As noted above, Defendant companies are incorporated and headquartered in Maryland, and Plaintiffs concede that this factor favors transfer to that district, noting that the employee-payment decisions that form the basis of their claim were likely made by individual Defendants there. See Opp. at 7. Defendants also conduct 90% of their business in Maryland, further demonstrating that most of the significant events from which Plaintiffs' claim arises likely occurred there. This factor thus weighs in favor of transfer.

### 3. *Convenience of Parties, Convenience of Witnesses, and Ease of Access to Sources of Proof*

To the extent the remaining factors weigh at all, they weigh slightly in favor of transfer. As noted numerous times above, all parties to the case are Maryland residents. Although some may reside closer to the District of Columbia than the federal courthouse in Baltimore, See Opp. at 7, Plaintiffs have not demonstrated that the case would be assigned to that division upon transfer to Maryland. If the case were assigned to the Greenbelt courthouse, moreover, it would be closer to the residences of both Plaintiffs and Defendants than the federal courthouse in the District of Columbia. See Rep. at 5. Transferring the case to Maryland is therefore more convenient for everyone involved.

Finally, questions of ease of access to sources of proof are negligible because the relevant documents in the case – Defendants' employee time-and-pay records and any documents

prepared by Plaintiffs' counsel – must be exchanged in the discovery process, regardless of which district ultimately hears the case.

Defendants have, accordingly, shown that the balance of private-interest factors weighs in favor of transferring this case to Maryland.

    B.    <u>Public-Interest Factors</u>

        *1. Transferee Court's Familiarity with Governing Laws*

On the first public-interest factor, the Court assumes that federal courts in both the District of Columbia and Maryland will be equally familiar with the FLSA statute. <u>See</u> <u>Nat'l Wildlife Fed'n v. Harvey</u>, 437 F. Supp. 2d 42, 49 (D.D.C. 2006) (noting that where "both courts are competent to interpret the federal statutes involved[,] . . . there is no reason to transfer or not transfer based on this factor"). While Plaintiffs bring claims under the wage laws of both the District of Columbia and Maryland, this Court has yet to determine which state laws apply in this case. Given the proximity of the two jurisdictions, it is not unreasonable to assume that Maryland courts will be familiar with District of Columbia law and vice versa. Since choice-of-law analysis has not yet been completed, at this point the Court cannot conclude that the familiarity factor favors or disfavors transfer.

        *2. Relative Congestion of Courts*

Courts in this district have found that relevant docket congestion and potential speed of resolution are factors that may favor transfer. <u>See, e.g.</u>, <u>Treppel</u>, 793 F. Supp. 2d at 439; <u>Parkridge 6, LLC v. U.S. Dep't of Trans.</u>, 772 F. Supp. 2d 5, 8-9 (D.D.C. 2009). Yet, neither Plaintiffs nor Defendants argue that one jurisdiction's courts are any more clogged than the other's. Indeed, Plaintiffs agree that "[b]oth proposed venues are ready and able to handle this case." Opp. at 8. This factor is a wash.

    *3. Local Interest in Controversies*

  When a defendant has substantial business engagements in a particular district, that district has a strong local interest in resolving that controversy.  See Douglas, 918 F. Supp. 2d at 34.  Although Defendants may have business engagements in both the District of Columbia and Maryland, the vast majority of their activities occur in Maryland, suggesting that state has a greater interest in resolving the controversy.  This factor, if it leans at all, favors Maryland.

  In sum, Defendants have shown that the balance of public-interest factors favors, if only slightly, transfer to Maryland.  Yet, given the clear tipping of the scales on private interests, the Court will transfer the case.

**IV. Conclusion**

  Since Defendants have met their burden of demonstrating that the balance of both the private- and public-interest factors collectively weighs in favor of transfer to Maryland, the Court will grant Defendants' Motion.  A contemporaneous Order so stating will issue this day.


                /s/ *James E. Boasberg*
                JAMES E. BOASBERG
                United States District Judge

Date:  November 20, 2015